\* Rev. 5/18/2016

# **ATTACHMENT NO. 3**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

|   |   |   |
|---|---|---|
|  | ) | CASE NO. |
|  | ) |  |
| Plaintiff, | ) | JUDGE BENITA Y. PEARSON |
|  | ) |  |
| v. | ) | **DISCOVERY PLAN** |
|  | ) |  |
|  | ) | (*See* Fed. R. Civ. P. 26(f) |
| Defendant. | ) | and LR 16.3(b)(3)) |

1.  Pursuant to Fed. R. Civ. P. 26(f) and LR 16.3(b)(3), a meeting was held on _____, 20___, at _____ and was attended by:

    _____ counsel for plaintiff(s) _____
    _____ counsel for plaintiff(s) _____
    _____ counsel for defendant(s)_____
    _____ counsel for defendant(s)_____

2.  The parties recommend the following track:

    _____ Expedited    _____ Standard    _____ Administrative
    _____ Complex      _____ Mass Tort

3.  This case is suitable for one or more of the following Alternative Dispute Resolution ("ADR") mechanisms:

    _____ Early Neutral Evaluation     _____ Summary Jury Trial
    _____ Mediation                    _____ Summary Bench Trial
    _____ Arbitration                  _____ Case is not suitable for ADR
                                              at this time

**THIS DISCOVERY PLAN MUST BE FILED 5 CALENDAR DAYS BEFORE THE CMC**

**Lead counsel and clients must attend CMC
unless explicitly excused. This applies to
telephonically held CMC's.**

4. The parties _____do/_____do not consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

5. <u>Initial Disclosures:</u> (check one)

_____ a) Plaintiff made initial disclosures on _____ and all other parties made initial disclosures on _____.

Objections to initial disclosures under Fed. R. Civ. P. 26(a)(1) ___are/___ are not made.  If there <u>are</u> objections, they are specified along with the identity of the objecting party in an appendix to this Discovery Plan.  The objecting party requests that the Court rule with respect to these disclosures at the Case Management Conference.

_____ b) Initial Discovery Protocols were entered in this case:
   i)  The plaintiff's Initial Discovery was provided on _____.
   ii) The defendant's Initial Discovery was provided on _____.

_____ c) This is an ERISA case and does not require initial disclosures.  *See* ¶ 6 for suggested briefing schedule.

6. <u>Subsequent proceedings</u> (for ERISA cases):
   a) Defendant shall file the entire administrative record by _____.
   b) Plaintiff shall file the opening brief contemplated by *Wilkins v. Baptist Healthcare System, Inc.,* 150 F.3d 609, 619 (6th Cir. 1998) (Gilman, J., concurring) by _____.
   c) Defendant shall respond by _____.
   d) Plaintiff shall reply by _____.
   e) There shall be no discovery in this case except as set forth in *Wilkins*.

2

7. <u>Subsequent proceedings</u> (for non-ERISA cases):

a) Recommended Discovery Plan: Describe the subjects on which discovery is to be sought and the nature and extent of discovery, including any limitation on the number of interrogatories, the number and/or length of depositions, and/or the number of requests for admission.

_____
_____
_____
_____
_____

b) The parties (indicate one):

_____ agree that there will be no discovery of electronically-stored information; or

_____ have agreed to a method for conducting discovery of electronically-stored information; or

_____ have agreed to follow the default standard for discovery of electronically-stored information (Appendix K to N.D. Ohio Local Rules).

c) The parties ____ have/____ have not reached an agreement regarding the handling of disclosed privileged material. *See* Fed. R. Civ. P. 16(b)(3)(B)(iv). If the parties have reached an agreement for asserting claims of privilege or of protection as trial-preparation material after information is produced, please provide the agreement, including agreements reached under Fed. R. Evid. 502.

_____
_____
_____
_____
_____

d) Discovery cut-off date: _____.

3

  e)  Recommended dispositive motion date: _____.

  f)  Recommended cut-off for amending the pleadings and/or adding additional parties: _____.

  g)  Recommended date for a Status Conference: _____.

8. Other matters for the attention of the Court:

_____

_____

_____

_____

_____

             _____

             Attorney for Plaintiff(s) _____

             _____

             Attorney for Plaintiff(s) _____

             _____

             Attorney for Defendant(s) _____

             _____

             Attorney for Defendant(s) _____

**Objections, if any, to initial disclosures are appended.**